DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating the parental rights of appellant, Catherina M., and awarding permanent custody of Miqueal M., born September 9, 1999, to appellee, Lucas County Children Services Board. Appellant asserts the following assignment of error:
 "THE TRIAL COURT'S DECISION TO GRANT PERMANENT CUSTODY IS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE TRIAL COURT ERRED IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILD CANNOT OR SHOULD NOT BE PLACED WITH [APPELLANT] WITHIN A REASONABLE TIME AND THAT IT WAS IN THE CHILD'S BEST INTEREST THAT [APPELLANT'S] PARENTAL RIGHTS BE TERMINATED.
 "A. The trial court abused its discretion in awarding LCCSB permanent custody where it failed to specify which factor or factors it found to support its conclusion that the child cannot or should not be placed with [appellant] within a reasonable time.
 "B. The trial court's decision finding that the child cannot or should not be placed with either parent is against the manifest weight of the evidence and an abuse of discretion.
 "C. The trial court's decision finding that the permanent custody is in the best interest of the child is against the manifest weight of the evidence and an abuse of discretion."
LCCSB filed a complaint in dependency seeking temporary custody of Miqueal on the day after she was born. The complaint stated that Miqueal's mother, who was born on June 6, 1983, was already in the permanent custody of the children services agency and could not provide adequate care for her child without the services and placement provided by LCCSB. Michael M., a man who was several years older than appellant, was allegedly Miqueal's natural father. However, Michael is deceased.
The juvenile court found Miqueal to be a dependent child and awarded temporary custody to LCCSB. Miqueal and her mother were placed in the same foster home. Appellant's case plan provided her with services that would enable her to be a parent to her child when she reached the age of majority. These services included parenting classes, counseling, sex education and independent living skills programs. When LCCSB learned that appellant was using marijuana, substance abuse treatment was also provided.
On August 14, 2001, LCCSB filed its motion for permanent custody of Miqueal. The agency argued that its request should be granted because: (1) Miqueal was in the temporary custody of LCCSB for twelve or more months of a twenty-two month period; or, in the alternative, (2) Miqueal could not or should be placed with her mother within a reasonable time and vesting permanent custody in LCCSB was in the child's best interest.
The motion for permanent custody alleged, inter alia, that appellant lacked maturity, could not maintain a job, did not obtain a high school degree, had no income, demonstrated poor parenting techniques and was still in need of drug treatment. The evidence offered at the trial on this matter substantiates these claims. Additionally, the testimony of appellant's counselors, teachers and caseworker establish the fact that, although she was considered bright, appellant was unwilling to fully participate in the services offered under her case plan and that when she reached the age of eighteen, she abandoned any pretense of compliance with that plan, including regular visitation with her child.
On January 7, 2002, the juvenile court terminated appellant's parental rights and awarded permanent custody of Miqueal to LCCSB. The pertinent portion of the court's decision reads as follows:
"Having considered the evidence presented, the court finds, by clear and convincing evidence, that the child cannot or should not be placed with a parent within a reasonable time and that permanent custody is in the child's best interest. The child is in need of a legally secure placement and that can best be achieved by a grant of permanent custody to L.C.C.S.B., so that an adoption may occur.
"* * *
"In support of its decision, the Court finds that the alleged father is deceased and that the mother of the child, [appellant], has demonstrated a lack of commitment toward the child by actions showing an unwillingness to provide an adequate permanent home for the child. Further, this child has been in the custody of the L.C.C.S.B. continuously for more than the past two years, and [appellant] continues to act immaturely in ways that could put this child at risk, if the child were in the mother's care.
"Despite services offered to her, [appellant] continues to show poor parenting skills. [Appellant] lacks stability in her life. [Appellant] continues to have a substance abuse problem, and she has shown poor judgment in male friends. [Appellant] has failed to obtain and hold employment, and she has moved her residence from place to place."
In her sole assignment of error, appellant contends that (1) the trial court failed to set forth the existence of any specific condition found in R.C. 2151.414(E) to support the conclusion that Miqueal cannot be placed with her mother within a reasonable time or should not be placed with her mother; (2) the two conditions, R.C. 2151.414(E)(1) and (4), that could have been relied on by the court for reaching its conclusion are not supported by clear and convincing evidence; and (3) the determination that it would be in the best interest of Miqueal to award permanent custody to LCCSB is not supported by clear and convincing evidence.
The law necessary to the resolution of appellant's sole assignment of error is found in R.C. Chapter 2151.414, as effective on October 5, 2000. R.C. 2151.414(B)(1) provides that a court may grant permanent custody of a child to, among others, a public services agency if the court determines, by clear and convincing evidence offered at the custody hearing, that it is in the best interest of the child and that any of the following apply: (1) the child is not abandoned or orphaned or has not been in the temporary custody of one or more public services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and that the child cannot be placed with either of his or her parents within a reasonable time or should not be placed with his or her parents, R.C.2151.414(B)(1)(a); (2) the child is abandoned, R.C. 2151.414(B)(1)(b); (3) the child is orphaned and has no relatives who are able to take permanent custody, R.C. 2151.414(B)(1)(c); or (4) the child has been in the temporary custody of one or more public services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, R.C.2151.414(B)(1)(d).
In relying on R.C. 2151.414(B)(1) as the basis for its grant of a motion for permanent custody, a court needs to find the existence of only one of the conditions listed in R.C. 2151.414(E). In re Wingo (2001),143 Ohio App.3d 652, 659. When R.C. 2151.414(E)(1) is the foundation for the court's finding, the agency must have provided a case plan and time to remedy the condition that led to the removal of the child from the household. However, the other conditions listed in R.C. 2151.414(E) require neither the formulation of a case plan nor the time to remedy the condition. Id., citing In re Mark H. (Apr. 30, 1999), Lucas App. No. L-98-1238. Moreover, it appears that by enacting R.C. 2151.414(B)(1)(d), the legislature intends that the mere amount of time in which a child is in the continuous care of a public or private children services agency is sufficient to terminate a parent's right to raise her child and to award permanent custody to the requesting agency.
In the present case, the trial court found that clear and convincing evidence established that R.C. 2151.414(B)(1)(d) was satisfied. While not phrased in the exact language of the statute, the court also determined that the conditions in R.C. 2151.414(E)(1)[1] and(4) existed.
R.C. 2151.414(E)(4) states the following condition:
 "The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child."
Clear and convincing evidence was offered to demonstrate that appellant showed a lack of commitment toward Miqueal by failing to visit her on a regular basis when she was able to do so, to support her by obtaining and maintaining a job, or to find suitable housing for herself and the child. In addition, it is undisputed that Miqueal was in the temporary custody of LCCSB for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999. Thus, the trial court's judgment is supported by at least two of the bases set forth in R.C.2151.414(B)(1). Accordingly, appellant's arguments, including those arguments dealing with R.C. 2151.414(E)(1), are without merit.
Turning to the best interest of Miqueal, the juvenile court is required to consider all relevant factors, including, but not limited to the following:
"(1) The interaction and inter-relationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
"(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
"(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
"(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
"(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
In the case before us, the evidence showed that Miqueal was in the temporary custody of LCCSB from the day after she was born until at least the date of the hearing on this matter, a period of over two years,
The evidence established that appellant was not the primary caregiver for her only child while both were in the same foster home. Miqueal spent what appears to be an inordinate amount of time in day care. Further, evidence was offered from which the trier of fact could infer that the relations between appellant and Miqueal constituted a child-child relationship rather than a mother-daughter relationship. In particular, appellant would tease her child, pretending that she wanted Miqueal to come to her and then reject the child, causing her to have a temper tantrum. Appellant was also obsessed with her daughter's weight, calling her "fat" and feeding her food considered inappropriate for a baby, e.g., skim milk. At the same time, appellant would tease Miqueal by offering her high calorie snack foods.
At the time of the hearing on this matter, Miqueal had resided with her maternal great-grandmother, Patricia S., for eight and one-half months. Patricia testified that the child was doing well and expressed her intent to adopt her great-granddaughter. She could therefore supply a legally secure permanent placement for Miqueal. On the other hand, the evidence established that appellant had not completed high school, had no job or money, and had no stable living arrangements.
We therefore conclude that clear and convincing evidence was offered on the best interest factors relevant to the juvenile court's determination that permanent custody of Miqueal should be awarded to LCCSB. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. The costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] {¶ a} R.C. 2151.414(E)(1) reads:
 {¶ b} "Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."